[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED AND CORRECTED MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel. All statutory stays having expired, the court has jurisdiction.
Having heard the evidence, the Court finds as follows:
The Plaintiff and Defendant, whose maiden name was Mammon, intermarried at Groton, Connecticut on August 10, 1996, that the Plaintiff has resided continuously in Connecticut for a period of one year next preceding the date of the filing of this complaint; that there is one minor child issue of the marriage, Ryan Patrick Reardon, born May 15, 1997; that there were no other minor children born to the Plaintiff since the date of the marriage of the parties; that neither party was the recipient of State aid or other form of public assistance and that the marriage has broken down irretrievably and that there is no hope of reconciliation:
The parties separated on February 19, 1997. Each have different opinions as to what caused the breakdown of the marriage.
Plaintiff testified that Defendant had an intermarital affair with Sarah Ludek; that Defendant had a violent temper; threatened to kill Plaintiff's parents; that he verbally abused Plaintiff causing many arguments and that Defendant had a gambling problem.
Defendant testified that Plaintiff claimed she needed more space; that Plaintiff's parents did not like him; that he was not invited to family affairs after November 1977; that he tried to remedy the situation but was unsuccessful; that he admitted the affair with Sarah Ludek while Plaintiff was pregnant; that he wanted the marriage to continue and that he arranged for counseling which was terminated when Plaintiff would not participate. CT Page 10604
The Plaintiff, who was born November 29, 1963, appears to be in good health and is employed as a therapist at Child and Family Agency of SE Connecticut/Shoreline. She works 35 hours per week Monday through Friday. She also is employed for ten hours per week at Shoreline.
According to Plaintiff's financial affidavit, dated June 10, 1998, Plaintiff's gross weekly income is $638.46 and her net weekly income is $527.80. Plaintiff's prospect for continued employment seem good.
The Defendant was born May 6, 1969. He is on medication for high blood pressure and ulcers, but feels healthy. He is employed as a chef at Captain Daniel Packer Inn. According to his financial affidavit, dated July 10, 1998, his weekly gross income is $400.00 and his weekly net income is $321.64.
Previously Defendant had been employed as a chef at Bess Eaton earning a higher weekly income. There is conflicting evidence as to why this employment was terminated.
The Plaintiff and the Defendant started living together during December 1994. They became engaged the summer of 1995. When the parties married, the Plaintiff was pregnant. During Plaintiff's pregnancy, the Defendant committed adultery with Sarah Ludek. After Sarah Ludek informed the Plaintiff of the affair, Defendant stopped seeing her.
The parties have limited assets but debts totaling $30,035.00 according to summations filed by the parties. All the debts were on the Plaintiff's credit cards as the Defendant did not have any credit cards. The total debts were created during their relationship, their marriage and after they separated as follows:
1. January 1995 to October 1995 $ 4,625.00
2. October 1995 to August 1996 $15,411.00
 3. August 1996 to February 1997 when the parties separated $ 9,934.00
4. February 1997 to August 1997 $ 4,065.00
 TOTAL DEBTS $34,035.00 CT Page 10605
It is clear that the marriage of the parties has irretrievably broken down without any hope for reconciliation. I find that the Defendant was more at fault for the breakdown of the marriage.
After considering Connecticut General Statutes §§ 46b-61
and 62, 46b-81, 82 and 84, in light of the evidence and my findings, judgment is entered dissolving the marriage of the parties on the ground of irretrievable breakdown. It is ordered that:
1. The parties are awarded joint legal custody of their minor child with primary physical custody to the Plaintiff with reasonable rights of visitation to the Defendant. Defendant shall be alcohol free for at least 12 hours prior to and during the visitation and shall keep the child in a smoke-free environment.
2. The Defendant shall pay to the Plaintiff $100.00 per week as child support.
The parties shall alternate taking the child as an exemption on their income tax returns. The Plaintiff shall take the child as an exemption the even-numbered years and the Defendant the odd-numbered years.
The Defendant's right to claim the child as an exemption is conditioned on his being current in his support payments.
3. No alimony is awarded to either party.
4. This Court finds that all of the above debts when to the joint benefit of the parties and/or their minor child. Accordingly, each party shall pay one-half of the total debts and each shall hold the other harmless of the other's share of the debts. The debt allocation is in the nature of spousal support and therefore not dischargeable in bankruptcy unless the Plaintiff seeks a bankruptcy discharge.
The Defendant shall pay to the Plaintiff $25.00 per week on his debt obligation.
5. Each party shall return the personal property listed on their respective financial affidavits.
6. The Defendant shall be responsible for one-half of the unreimbursed medical and dental expenses for the minor child. CT Page 10606
7. Each party shall pay their own attorney's fees.
Vasington, JTR